*Formatted for Electronic Distribution*                                    *Not for Publication*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

---

**In re:**

    **AUBRY M. TAGER,**                            **Chapter 7 Case**

            **Debtor.**                                 **# 08-10250**

---



Filed & Entered
On Docket
April 10, 2008

### ORDER TO SHOW CAUSE
#### WHY THE COURT SHOULD NOT DIRECT THE APPOINTMENT
#### OF A PATIENT CARE OMBUDSMAN IN THIS CASE, PURSUANT TO 11 U.S.C. § 333

The Debtor filed the instant 7 case on March 24, 2008 (doc. # 1). On Schedule I, the Debtor described his occupation as "Chiropractor" and on page 1 of the petition, the Debtor checked the boxes identifying himself as an "Individual" debtor and the nature of his business as "Health Care Business." Pursuant to the amendments added by the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"),

> If the debtor in a case under chapter 7, 9, or 11 is a health care business, the court shall order, not later than 30 days after the commencement of the case, the appointment of an ombudsman to monitor the quality of patient care and to represent the interests of the patients of the health care business, unless the court finds that the appointment of such ombudsman is not necessary for the protection of patients under the specific facts of the case.

11 U.S.C. § 333(a)(1). While this case falls within the scope of cases subject to appointment of an ombudsman, the record currently before the Court does not set forth sufficient specific facts for the Court to make a determination, pursuant to 11 U.S.C. § 333, of whether such an appointment is necessary to monitor the care of the Debtor's patients or to protect the Debtor's patients, or how the estate would pay the cost of such an ombudsman.

In order to resolve the issue of whether it is necessary to appoint an ombudsman under the specific facts of this case, the Court must hold an evidentiary hearing. In order to make that determination within the 30-day period set by the statute, it must hold that hearing prior to the § 341 meeting (set for May 7, 2008).

IT IS HEREBY ORDERED that the Debtor and the chapter 7 trustee appear in person, and a representative of the U.S. Trustee appear by phone, on **April 22, 2008 at 10:00 a.m**. in United States Bankruptcy Court, 151 West Street, Rutland, Vermont, to present arguments and evidence on whether the specific facts of this case compel the appointment of an ombudsman, pursuant to 11 U.S.C. § 333, to monitor the quality of patient care and represent the interest of the Debtor's patients.

April 9, 2008
Burlington, Vermont

Colleen A. Brown
United States Bankruptcy Judge